UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. BIESTEK,

       Plaintiff,

                             Civil Case No. 16-10422

v.                           Honorable Linda V. Parker

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S FEBRUARY 24, 2017 REPORT AND RECOMMENDATION [ECF NO. 28]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 22]; (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 23]; (4) GRANTING DEFENDANT'S EX PARTE MOTION FOR LEAVE TO FILE EXCESS PAGES [ECF NO. 30] AND (5) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY TO RESPONSE TO OBJECTIONS [ECF NO. 32]**

On February 5, 2016, Plaintiff filed this lawsuit challenging Defendant's final decision denying his application for benefits under the Social Security Act. (ECF No. 1.) On February 12, 2016, the matter was referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant

to 28 U.S.C. § 636(b)(1)(B).[1]  (ECF No. 13.)  The parties subsequently filed cross-motions for summary judgment.  (ECF Nos. 22, 23.)

## I.      Background

On February 24, 2017, Magistrate Judge Majzoub issued her R&R in which she recommends that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's decision finding Plaintiff not disabled under the Social Security Act.  (ECF No. 28.)  In her thorough analysis, Magistrate Judge Majzoub first rejects Plaintiff's argument that the administrative law judge ("ALJ") erred in determining that Plaintiff's impairments do not meet or medically equal Listing 1.04.  (*Id.* at Pg ID 2195.)  Magistrate Judge Majzoub next declines Plaintiff's argument that the ALJ improperly evaluated the medical opinion evidence.  (*Id.* at Pg ID 2199.)   Magistrate Judge Majzoub dismisses Plaintiff's third argument that the ALJ failed to adequately account for Plaintiff's limitations in concentration, persistence, or pace.  (*Id.* at Pg ID 2208.)  The magistrate judge also deferred to the ALJ's determinations that Plaintiff's statements were not entirely credible and that the statements made by Plaintiff's mother should be given little weight.  (*Id.* at Pg ID 2215.  Lastly, Magistrate Judge Majzoub rejected Plaintiff's contention that the ALJ's step-five determination is not supported by substantial evidence.  (*Id.*)

---

[1] This matter was first referred to Magistrate Judge R. Steven Whalen on February 8, 2016.  (ECF No. 5.)

2

Magistrate Judge Majzoub concludes by advising the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id* at 2218.)  She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id.*)  Plaintiff filed objections on March 10, 2017.  (ECF No. 29.)  Defendant responded to Plaintiff's objections on March 21, 2017.[2]  (ECF No. 31.)

## II.   Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

---

[2] Defendant filed an ex parte motion requesting leave to file excess pages in their response to Plaintiff's objections.  (ECF No. 30.)  The Court grants Defendant's motion.

3

### III.    Applicable Law & Analysis

### A.    Objection 1

In Plaintiff's first objection, he reiterates the argument asserted in his summary judgment motion that the ALJ's step-five determination is not supported by substantial evidence.  (ECF No. 22 at Pg ID 2129.)  In particular, Plaintiff argues that the testimony of the vocational expert ("VE") was not supported by substantial evidence because the VE based her testimony on her experience.  (*Id.* at Pg ID 2130.)  As Magistrate Judge Majzoub notes, the VE based her testimony "on her eleven-year experience as a vocational rehabilitation consultant, which included talking with employers, performing on-the-job analysis, and conducting her own individual labor market surveys."  (ECF No. 28 at Pg ID 2215.)  At the end of VE's testimony, counsel for Plaintiff requested evidence of VE's experience.  (*Id.*)  The VE testified that it would require revealing patient's private confidential files; therefore, the ALJ determined that she would not require the VE to produce those files.  (*Id.*)

Plaintiff contends that the VE was required to provide support for her testimony, relying on a standard articulated by the Seventh Circuit in *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002).  In *Donahue*, the Seventh Circuit stated that:

> If the basis of the vocational expert's conclusions *is* questioned at the hearing, however, then the ALJ should make an inquiry (similar

4

> though not necessarily identical to that of Rule 702) to find out
> whether the purported expert's conclusions are reliable. Social
> Security Ruling 00–4p, promulgated in December 2000 (and thus not
> directly applicable to this case), is to much the same effect. This
> ruling requires the ALJ to "[e]xplain [in the] determination or decision
> how any conflict [with the *Dictionary*] that *has been identified* was
> resolved." (Emphasis added.) The ruling requires an explanation only
> if the discrepancy was "identified"—that is, if the claimant (or the
> ALJ on his behalf) noticed the conflict and asked for substantiation.

*Donahue,* 279 F.3d at 446-47.  The Sixth Circuit has not adopted this standard.

*See Masters v. Astrue*, No. 07-123, 2008 WL 4082965 (E.D. Ky. Aug. 29, 2008)

(rejecting Seventh Circuit standard requiring remand due to failure to inquire into

reliability because "reliability is a factor only in the Sixth Circuit").  Plaintiff re-

asserts his summary judgment argument that this Court should rely on *Donahue*

although it has not been expressly adopted by the Sixth Circuit.  This Court

declines to do so.

### B.    Objection 2

Plaintiff next argues that the magistrate judge erred when she did not apply

SSR 16-3p retroactively.  (ECF No. 29 at Pg ID 2227.)  SSR 16-3p, which went

into effect on March 28, 2016, supersedes SSR 96-7p.  *See* SSR 16-3p, 2016 WL

1119029 at *1; 2016 WL 1237954 (amending the effective date).  SSR 16-3p

provides guidance on how the Social Security Administration should "evaluate

statements regarding the intensity, persistence, and limiting effects of symptoms in

disability claims[.]  SSR 16-3p, 2016 WL 1119029 at *1.   Because SSR 16-3p

5

went into effect after the ALJ's decision, Magistrate Judge Majzoub complied with its precursor, SSR 96-7p. (ECF No. 28 at Pg ID 2211.) Plaintiff contends that Magistrate Judge Majzoub should have applied SSR 16-3p retroactively. (ECF No. 29 at Pg ID 2227.)

Plaintiff does not provide any binding authority to support its claim that the ruling should be applied retroactively. Further, as Defendant notes, Plaintiff did not raise an argument to apply SSR 16-3p retroactively in his initial brief and has thus waived the argument. *See Emmons v. Comm'r of Soc. Sec.*, No. 12-15235, 2014 WL 1304936 at *1 (E.D. Mich. Feb. 13, 2014) (citing *United States v. Jerkins*, 871 F.2d 598, 601 (6th Cir. 1989)).

### C.    Objection 3

Next, Plaintiff argues that Magistrate Judge Majzoub erred in evaluating the opinion evidence. (ECF No. 29 at Pg ID 2234.) First, Plaintiff notes that the magistrate judge found that Dr. Wright's opinion was inconsistent with objective evidence. (*Id.*) Plaintiff mischaracterizes the magistrate judge's opinion. Magistrate Judge Majzoub stated that it would be inconsistent to state that Dr. Wright had an "ongoing treatment relationship" with Plaintiff pursuant to the requirement in 20 C.F.R. 1502. (ECF No. 28 at Pg ID 2202.) Magistrate Judge Majzoub's R&R makes clear that Dr. Wright would not qualify as a treating

physician pursuant to the statute because he had not treated Plaintiff for over two years.  (*Id.*)

Plaintiff also contends that Magistrate Judge Majzoub is incorrect with her analysis of Dr. Barnes' assessment.  Plaintiff states that "Dr. Barnes specifically stated that he did not believe Plaintiff could even occasionally bend at the waist and the ALJ so found."  (ECF No. 29 at Pg ID 2237.)  However, Plaintiff's citations do not support that assertion.  In fact, Plaintiff cites to the following:

> At the second hearing, Dr. Barnes opined the claimant could occasionally lift 10 pounds of weight and frequently lift 5 pounds of weight; sit for 8 hours of the day, a couple hours at a time; stand or walk for 2-4 hours, in increments of about a half hour at a time before having to sit down for about 10 minutes; and could squat to pick up 10 pounds **but not bend at the waist to do so.**"

(ECF No. 17-9 at Pg ID 801-02.) (emphasis added).  Plaintiff also cites to the testimony of Dr. Barnes, where the doctor states that Plaintiff "could probably squat down to pick up ten pounds occasionally, but I don't think he would be able to bend over at the waist (INAUDIBLE) occasionally."  (*Id.* at Pg ID 973.)  His testimony was in reference to Plaintiff's ability to lift certain weights.  An interpretation that Dr. Barnes meant Plaintiff could not bend over at the waist to lift certain weights is consistent with Dr. Barnes' testimony at the second hearing.

### D.    Objections 4 and 5

Plaintiff's fourth objection states that the magistrate judge erred in determining that Plaintiff's impairments did not meet or medically equal Listing

1.04.  (ECF No. 29 at Pg ID 2238.)  The fifth objection argues that Plaintiff was denied his right to due process when the ALJ denied his request to allow Dr. Ghanayem appear as a rebuttal witness.  (*Id.* at Pg ID 2243.)

To properly object to the R&R, Plaintiff must do more than merely restate the arguments set forth in his summary judgment motion.  *See Owens v. Comm'r of Soc. Sec.*, 1:13-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (indicating that the "Court is not obligated to address objections [which are merely recitations of the identical arguments made before the magistrate judge] because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations") (emphasis in original); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (recitations of nearly identical arguments are insufficient as objections and constitute an improper "second bite at the apple"); *Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition.").  In both the fourth and fifth objections, Plaintiff re-asserts the arguments stated in his summary judgment motion to support his claims of error in the ALJ's analysis without identifying how Magistrate Judge Majzoub erred in evaluating those arguments.  (ECF No. 29 at Pg

8

ID 2238, 2243.)  For the reasons Magistrate Judge Majzoub provided in her R&R, Plaintiff's arguments are without merit.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Majzoub's February 24, 2017 R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 22) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 23) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's ex parte motion for leave to file excess pages (ECF No. 30) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file reply to Defendant's response to objections (ECF No. 32) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's decision denying Plaintiff's application for benefits under the Social Security Act is **AFFIRMED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 30, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 30, 2017, by electronic and/or U.S.

9

First Class mail.

s/ Richard Loury
Case Manager